IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE ROJAS,  )
             )  No. 09 C 5587
    Plaintiff, )
             )
v.           )  Judge Arlander Keys
             )
MICHAEL J. ASTRUE,  )
Commissioner of Social  )
Security  )
             )
    Defendant.  )

**MEMORANDUM OPINION AND ORDER**

Plaintiff George Rojas sought judicial review of the final decision of the Commissioner of Social Security (Commissioner), who denied his claim for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). Mr. Rojas argued that the Administrative Law Judge (ALJ) erred by: finding his testimony incredible, playing doctor, and declining the opinion of his treating physician. On November 19, 2010, the Court remanded the case to the Commissioner for further proceedings regarding the opinion of Mr. Rojas's treating physician. Plaintiff's other arguments were not persuasive.

As a result of the remand, Mr. Rojas now seeks an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. For the reasons discussed below, Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act and for Entry of Final Judgement [sic] Order is denied.

## Background

Mr. Rojas applied for SSI and DIB on January 10, 2006. He alleged that he became disabled on November 2, 2005, as a result of depression and panic attacks. *See Rojas v. Astrue*, No. 09-C-5587, 2010 WL 4876698 (N.D. Ill. Nov. 19, 2010). The Social Security Administration denied his claim initially and on reconsideration. He subsequently requested a hearing before an ALJ. At the hearing, Mr. Rojas and Linda Gels (a vocational expert) testified. The ALJ found Mr. Rojas not disabled.

When Mr. Rojas's subsequent request for review of the ALJ's decision was denied, he sought review in federal court, specifically citing three grounds for remand. First, Mr. Rojas argued that the ALJ erred because he failed to consider his mental impairment when assessing his credibility. Second, Plaintiff stated that the ALJ impermissibly played doctor. Finally, Mr. Rojas maintained that the ALJ improperly rejected the opinion of his treating physician, Dr. Copp.

The Court discussed and dismissed the first two bases, specifically finding that the ALJ's credibility determination was appropriate and that he had not played doctor. The ALJ's express reservation that Dr. Copp's use of the attorney-generated form indicates that he did not "understand the relationship of what he [was] doing within the parameters of Social Security Disability law," however, caused the Court to remand the matter for further

2

proceedings in accordance with SSR 96-5p. As the Court stated in its earlier Memorandum Opinion and Order, the regulation requires that the ALJ contact the treating physician to clarify the basis for the statements made on the form.

## Discussion

The "EAJA authorizes the payment of fees to a prevailing party in an action against the United States; the Government may defeat this entitlement by showing that its position in the underlying litigation 'was substantially justified.'" *Scarborough v. Principi*, 541 U.S. 401, 405 (2004)(citing 28 U.S.C. § 2412(d)(1)(A)). The movant bears the burden of showing that he prevailed in the action. Having secured a remand, Mr. Rojas is the prevailing party. Indeed, the Commissioner does not challenge this, but argues that an award of fees is inappropriate because his position was substantially justified. The Court now turns its attention to this inquiry.

The Commissioner has the burden of establishing that his position was "substantially justified" - that it had "a reasonable basis in law and fact." *Conrad v. Barnhart*, 434 F. 3d 978, 990 (7th Cir. 2006). The Court notes that a loss on the merits does not foreclose a finding of substantial justification, and a decision may be substantially justified even if it was not necessarily supported by substantial evidence. *See, e.g., Scarborough*, 541 U.S. at 415 (the fact that the Government lost

on the merits does not mean that its position was not substantially justified). Further, a party's position as a whole may be substantially justified even though an aspect of the position is not. *See Potdar v. Holder*, 585 F.3d 317, 325, (7th Cir. 2009)(citing *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993)). The Court must determine to what extent the particular aspect of the Commissioner's position taints his overall position. *See id.*

While the Court concedes that the ALJ's failure to seek clarification regarding Dr. Copp's opinions was not reasonable, this does not spoil the Commissioner's overall position so as to cause it to lack substantial justification. In fact, the Court intimated as such in its Memorandum Opinion and Order when it stated, "the only fault that the Court can find in the ALJ's very careful analysis is his treatment of Dr. Copp's report, without attempting to contact him regarding that report." In light of the ALJ's thorough analysis of the form, the lack of underlying tests supporting Dr. Copp's opinions, and the contradictory evidence found in the record (cited and discussed by the ALJ), the Court finds that the Commissioner's overall position at both the agency level and before this Court had a reasonable basis in fact and law. In other words, the Commissioner's position was, indeed, substantially justified. For this reason, the request for attorney's fees must be denied.

## Conclusion

For the reasons set forth above, the Court denies the application for attorney's fees filed by counsel for Mr. Rojas.

Date: July 12, 2011         E N T E R E D:


*/s/ Arlander Keys*
MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT